UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LEMUEL FRED HENTZ,

        Plaintiff,              2:14-cv-02039-MC

        v.                         ORDER

L. PARKER, et al.,

        Defendants.

McShane, District Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his rights to free speech, due process, and protection against cruel and unusual punishment. Defendants now move for summary judgment (#85).

The facts giving rise to plaintiff's claims are as follows: On January 2, 2013, plaintiff asked the OSP law library coordinator to notarize an "Oath of Office" for a judge *pro tempore*. Subsequently, plaintiff sent the notarized oath to the Oregon Secretary of State, who rejected

1 - ORDER

it and returned it along with an explanatory note to ODOC.[1] Due to this conduct, plaintiff was found guilty of "False Information to Employees I" and "Forgery," both of which are major rule violations. As a consequence of the rule violations, plaintiff was permanently terminated from his inmate work assignment in the Oregon Correctional Enterprise (OCE) laundry.

After plaintiff was terminated from his laundry job, defendant Parker printed a copy of plaintiff's card photo and placed it on a clipboard in his work area to remind himself to clean out plaintiff's locker. This is his practice for all similarly situated OCE workers. Parker Declaration (#91).

On March 30, 2014, April 2, 2014, and August 10, 2014, plaintiff was issued "conduct orders" for breaking institution rules. Conduct orders are low level, informal disciplinary measures which confine an inmate to his or her cell for 24, 48, or 72 hours unless otherwise authorized by staff. *See*, OAR 291-105-0010(4); Hearn Declaration (#89) att. 3.

On September 9, 2013, ODOC Health Services requested a move for plaintiff to a single-level facility for medical reasons. On September 13, 2013, ODOC moved plaintiff to the

---

[1] The court previously dismissed plaintiff's claim against the Secretary of State employee who returned the "oath of office."

2 - ORDER

Oregon State Correctional Institution (OSCI). Because OSCI is a small facility designated normally for inmates close to release, ODOC subsequently moved plaintiff to the Two Rivers Correctional Institution (TRCI), another medically suitable facility, on September 26, 2013. Breyman Declaration (#88).

Plaintiff's Amended Complaint (#66) alleges:

1. Defendant Betty Bernt, who is the Public/Legislative Information Officer for OCE, racially discriminated against him for causing his termination from his OCE laundry job.

2. Defendant Correctional Officer Luke Parker posted plaintiff's photo in his work station to humiliate plaintiff, racially discriminate against him and subject him to cruel and unusual punishment. Other inmates subsequently teased plaintiff by calling him "your Honor" and making comments such as asking him to sign "release papers."

3. The remaining defendants actions in issuing four conduct orders confining plaintiff to his cell for periods of 24 and 72 hours constituted cruel and unusual punishment, deprived him of due process, and was racially motivated.

Plaintiff argues in his Response (#116) - for the first time - that defendants Jackson, LaGore, and Grady retaliated against him with false disciplinary charges. However, plaintiff did not allege this retaliation by false disciplinary charges in his Amended Complaint. The only

3 - ORDER

retaliation allegation in plaintiff's Amended Complaint is that his transfer from OSP to OSCI was retaliatory.

To the extent plaintiff's allegation that the disciplinary reports were retaliatory is intended to constitute a claim, it is not alleged in the operative pleading (plaintiff's Amended Complaint) and is not properly before the court. In any event, plaintiff has not alleged any facts to support a First Amendment retaliation claim based on the disciplinary orders.

Defendants are entitled to judgment as a matter of law as to plaintiff's claim that defendant Bernt caused his termination from his OCE laundry job because it is undisputed that she did not make any decision regarding plaintiff's inmate work assignment. Bernt Declaration (#86). Plaintiff has not presented any evidence to the contrary and there is no material issue of fact that defendant Bernt did not participate in the decision to terminate plaintiff from the OCE work program.

It is undisputed that defendant Parker printed plaintiff's ID photo and placed it on a clipboard hanging in his work station. However, the record reflects that it is defendant Parker's practice to do so in order to remind him to remove property from plaintiff's locker. Parker Declaration (#91). Plaintiff has not presented any evidence that this

4 - ORDER

action was racially motivated or established differently from other inmates in this regard. I find that it did not constitute cruel and unusual punishment as a matter of law.

Defendants acknowledge that defendant Parker made the remark that plaintiff should be referred to as "your Honor."[2] However, the Constitution does not impose liability for ordinary trash talk. Watison v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012) ("[T]he exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons of which (the courts) do not approve, but which do not violate the Eighth Amendment"); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (vulgarity and verbal harassment not actionable; Guat v Sunn, 810 F.2d 923, 925 (9th Cir. 1987) ("[I]t trivalizes the Eighth Amendment to believe that a threat constitutes a constitutional wrong"). Because mere verbal harassment without more is not actionable, plaintiff's allegation that defendant Parker teased him about his fraudulent claim to a judicial position fails to state a claim. Moreover, plaintiff fails to allege that defendant Parker's conduct caused him any physical injury and therefore

---

[2] A certain amount of such teasing could reasonably be expected under the circumstances. It was plaintiff's own actions in attempting to obtain a false certification of judicial office that led to defendant Parker's comment - which I note is constitutionally protected under the First Amendment.

5 - ORDER

is not actionable under the PLRA. See, 42 U.S.C. § 1997e(e).

The factual basis underlying plaintiff's conduct order claims is set forth in defendants' motion (#85) and the defendants' declarations. The record is clear that in each instance, committed minor infractions and was sanctioned to the usual in-cell restriction for 24 to 72 hours.

To state a claim for a violation of due process under 42 U.S.C. § 1983, a plaintiff must invoke a federally protected liberty interest. <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003). An inmates liberty interests are limited to freedom from restraints that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995). 24-hour - 72 hour cell-ins do not implicate a constitutional liberty interest because they do not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. <u>Id.</u> at 486.

Plaintiff's cell-ins do not constitute an Eight Amendment violation because he has not alleged that they resulted in a deliberate indifference to his serious medical needs, <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). A temporary restriction on access to ice does not constitute a serious medical need. Moreover, defendants declarations indicate that plaintiff

6 - ORDER

easily could have obtained ice by asking his cell-mate or a staff member to bring it to him.

In summary, plaintiff's claim that the disciplinary measures violated his rights to due process, equal protection and to be free from cruel and unusual punishment fail because he has not submitted any evidence that he was subjected to any serious or atypical hardship or treated differently from similarly situated inmates. Plaintiff's Eighth Amendment claim fails because he has failed to establish that defendants were deliberately indifferent to his serious medical need.

Plaintiffs alleges that his personal property was mismanaged during his transfers. However, plaintiff does not identify any specific individual or defendant that was allegedly responsible for the matters he complains of. In addition, plaintiff's claims against the unidentified Doe defendants are apparently based on various rules regarding inmate property during transfers and fail to state a constitutional claim.

To the extent plaintiff may be attempting to allege that his institutional transfers were discriminatory or retaliatory, he has failed to allege any defendant that was responsible for the transfers. Moreover, it is undisputed on the record before the court that plaintiff's transfers were for medical reasons. Breyman Declaration (#88). Plaintiff's

7 - ORDER

reliance on the one page handwritten doctor's order (exhibit 6) is misplaced. It does not state that plaintiff is to be kept at OSP for six months.

Qualified immunity shields government officials from liability for damages when they make decisions that, even if constitutionally deficient, reasonably misapprehend the law governing the circumstances they confronted. Brosseau v. Haugen, 543 U.S. 194, 202 (2004); Harlow v. Fitzgerald, 457 u.s. 800 (1982).

I find for the reasons explained above that none of defendants' alleged actions violated plaintiff's clearly established constitutional rights. However, even if some minimal encroachment did arguably occur, defendants are qualifiedly immune from liability for damages because they acted reasonably and misapprehended the law governing the circumstances they confronted. Brosseau, 543 U.S. 194, 202; Harlow, 457 U.S. 800.

I find that there are no genuine issues of material fact remaining in this case and that defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Defendants' Motion for Summary Judgment (#85) is allowed, The Clerk of the Court is directed to enter a judgment dismissing this proceeding.

Any appeal from this order or the judgment dismissing

8 - ORDER

this case would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status is hereby

revoked.

    IT IS SO ORDERED.

    DATED this _10_ day of November, 2016.

                                       _____
                                       Michael McShane
                                       United States District Judge

9 - ORDER